UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | |
|---|---|
| BUFORD HOOKER, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 6: 07-177-DCR |
| ) | |
| V. ) | |
| ) | |
| MICHAEL J. ASTRUE, ) | **MEMORANDUM OPINION** |
| Commissioner of Social Security, ) | **AND ORDER** |
| ) | |
| Defendant. ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court for consideration of cross-motions for summary judgment filed by Plaintiff Buford Hooker ("Hooker") and Defendant Michael J. Astrue, Commissioner of Social Security ("Commissioner"). [Record Nos. 11 and 12] Hooker seeks to reverse the decision of an administrative law judge ("ALJ") concluding that he was not entitled to a period of disability or disability insurance benefits ("DIB"). However, the Commissioner contends that the ALJ's decision is supported by substantial evidence and should be affirmed. For the reasons discussed below, the Court will grant the Commissioner's motion and deny the relief sought by Hooker.

**I.   BACKGROUND**

Hooker filed his initial application for a period of disability and DIB on May 9, 2000. His claims were denied initially and upon reconsideration. On January 29, 2002, a hearing was conducted before ALJ K. Dickson Grissom in London, Kentucky. During the hearing, the ALJ

heard testimony from Hooker and William W. Ellis, a vocational expert. Thereafter, on February 22, 2002, the ALJ issued a decision denying benefits to Hooker, concluding that he does not have any impairments or combination of impairments that meet the disability requirements. [Transcript, pp. 17-26 ("Tr., p.__")] Hooker appealed the decision to the Appeals Council. However, while that matter was pending, Hooker filed a second application for a period of disability and DIB in June 2002. The claim was denied initially and upon reconsideration. This claim was denied by an ALJ in a decision issued on September 24, 2004.

Hooker's request for review of his initial claim was denied by the Appeals Council on January 6, 2004. He then filed an action in this Court. Subsequently, the Appeals Council also denied his request for review of his second application and Hooker filed another action in this Court. On May 24, 2006, this Court granted the Commissioner's request for remand of this action for further proceedings. As a result, the Appeals Council vacated the ALJ's decision denying benefits and consolidated Hooker's 2000 and 2002 applications.

ALJ Donald Rising conducted a hearing on December 15, 2006, in London, Kentucky. ALJ Rising heard testimony from Hooker and Katharine Bradford, a vocational expert. Arthur Lorber, a Board Certified orthopedic surgeon, also testified. ALJ Rising issued a decision on January 23, 2007, denying benefits to Hooker, finding that he was not under a "disability" as defined in the Social Security Act.

At the time of the alleged disability onset, Hooker was 43 years old with a general equivalency diploma. [Tr., p. 292] He has past relevant work as a heavy equipment operator and a grocery store butcher. [*Id.*] He claims disability due to back, left arm, neck and knee pain

and depression. At the hearing following remand, the ALJ carefully reviewed and evaluated the medical evidence of record and the testimony at the hearing and found that Hooker was not disabled as defined in the Social Security Act and regulations. [Tr., p. 265-66]

## II.     LEGAL STANDARD

A claimant's Social Security disability determination is made by an ALJ in accordance with "a five-step 'sequential evaluation process.'" *Combs v. Comm'r of Soc. Sec.*, 459 F.3d 640, 642 (6th Cir. 2006) (en banc) (quoting 20 C.F.R. § 404.1520(a)(4)). If the claimant satisfies the first four steps of the process, the burden shifts to the Commissioner with respect to the fifth step. *See Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 474 (6th Cir. 2003). First, a claimant must demonstrate that he is not currently engaged in substantial gainful employment at the time of the disability application. 20 C.F.R. § 404.1520(b). Second, a claimant must show that he suffers from a severe impairment. 20 C.F.R. § 404.1520(c). Third, if the claimant is not engaged in substantial gainful employment and has a severe impairment which is expected to last for at least twelve months, which meets or equals a listed impairment, he will be considered disabled without regard to age, education, and work experience. 20 C.F.R. § 404.1520(d). Fourth, if the Commissioner cannot make a determination of disability based on medical evaluations and current work activity and the claimant has a severe impairment, the Commissioner will then review the claimant's residual function capacity ("RFC") and relevant past work to determine if he can do past work. If he can, he is not disabled. 20 C.F.R. § 404.1520(f).

Under the fifth step of this analysis, if the claimant's impairment prevents him from doing past work, the Commissioner will consider his RFC, age, education and past work experience

to determine if he can perform other work. If he cannot perform other work, the Commissioner will find the claimant disabled. 20 C.F.R. § 404.1520(g). The Commissioner has the burden of proof only on "the fifth step, proving that there is work available in the economy that the claimant can perform." *Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 238 (6th Cir. 2002) (quoting *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 391 (6th Cir. 1999)).

Judicial review of the denial of a claim for social security benefits is limited to determining whether the ALJ's findings are supported by substantial evidence and whether the correct legal standards were applied. *Wyatt v. Sec'y of Health and Human Services*, 974 F.2d 680, 683 (6th Cir. 1992). The substantial evidence standard "presupposes that there is a zone of choice within which decision makers can go either way, without interference from the court." *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (en banc) (quotes and citations omitted).

Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Lashley v. Sec'y of Health and Human Servs*, 708 F.2d 1048, 1053 (6th Cir. 1983). While significant deference is accorded to the ALJ, the standard employed in these cases does not permit a selective reading of the record. Instead, "substantiality of the evidence must be based upon the record taken as a whole. Substantial evidence is not simply some evidence, or even a great deal of evidence. Rather, the substantiality of evidence must be taken into account whatever in the record fairly detracts from its weight." *Garner v. Heckler*, 745 F.2d 383, 388 (6th Cir. 1984) (citations omitted).

If supported by substantial evidence, the Commissioner's decision must be affirmed even if the Court would decide the case differently and even if the claimant's position is also supported by substantial evidence. *Garcia v. Sec'y of Health and Human Servs.*, 46 F.3d 552, 555 (6th Cir. 1995); *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994); *Casey v. Sec'y of Health and Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993); *Smith v. Sec'y of Health and Human Servs.*, 893 F.2d 106, 108 (6th Cir. 1989). Thus, the Commissioner's findings are conclusive if they are supported by substantial evidence. 42 U.S.C. § 405(g).

In determining whether the ALJ's opinion is supported by substantial evidence, courts may not "try the case *de novo*, nor resolve conflicts in evidence, nor decide questions of credibility." *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984) (citation omitted). It is the job of the ALJ to make credibility findings after listening to testimony, observing the claimant's demeanor, and evaluating the testimony in light of the written evidence. Notably, credibility determinations are particularly within the province of the ALJ and are "to be given great weight." *Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 542 (6th Cir. 2007) (quoting *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 531 (6th Cir. 1997).

### III.   DISCUSSION

Hooker contends that the ALJ's decision is not supported by substantial evidence for two reasons. First, he asserts that the ALJ erred in failing to properly consider the findings of his treating physician, Dr. Truman Perry. Specifically, Hooker argues that the ALJ failed to set forth his reasons for rejecting Dr. Perry's opinions. Second, he contends that the ALJ made an

improper credibility determination regarding his subjective complaints of pain and limitations. Hooker seeks reversal of the ALJ's decision and remand of this matter for further proceedings.

Initially, Hooker argues that the ALJ failed to give due consideration to the reports and opinions of his treating physician. While some deference is accorded the findings of treating physicians, "[u]ltimately, of course, the determination of disability is the prerogative of the Secretary, not the treating physician." *Harris v. Heckler*, 756 F.2d 431, 435 (6th Cir. 1985); *see also* 20 C.F.R. §§ 404.1527(e)(2) ("We use medical sources, including your treating source, to provide evidence, including opinions, on the nature and severity of your impairment(s). Although we consider opinions from medical sources on issues such as whether your impairment(s) meets or equals the requirements of any impairment(s) in the Listing of Impairments . . ., your residual functional capacity . . ., or the application of vocational factors, the final responsibility for deciding these issues is reserved to the Commissioner.").

The "opinion of a treating physician is entitled to greater weight only if it is based on objective medical findings, and is not contradicted by substantial evidence to the contrary. The Commissioner may reject the opinion of a treating physician where good reasons are found to do so in the record." *Hare v. Comm'r of Soc. Sec.*, 37 Fed. Appx. 773, 776 (6th Cir. 2002). In *Wilson v. Comm'r of Soc. Sec.*, the Sixth Circuit noted that a treating physician's opinion can be discounted when: (1) it is not supported by medically acceptable clinical and laboratory diagnostic techniques, (2) it is inconsistent with substantial evidence in the record, (3) it does not identify the evidence supporting its finding, and (4) if it fares poorly when applying the factors listed in 20 C.F.R. §§ 404.1527(d)(2), which include, *inter alia*, the length and frequency

of examinations, the amount of evidence used to support an opinion, the specialization of the physician, and consistency with the record. *Wilson*, 378 F.3d 541, 546 (6th Cir. 2004).

In this case, the ALJ properly considered all of the medical evidence presented regarding the Hooker's physical and mental impairments and functional limitations. After analyzing the evidence presented, he concluded that, based upon substantial evidence in the record, Hooker did not have a disabling mental or physical impairment. The ALJ examined the medical evidence presented by all treating and consulting doctors, including Dr. Perry. Dr. Perry opined that Hooker could lift no more than 10 pounds occasionally. Dr. Perry also diagnosed Hooker as having low back pain/degenerative joint disease and shoulder degenerative joint disease. In rejecting the conclusions of Dr. Perry, the ALJ noted that Dr. Perry's examination findings were essentially normal. The ALJ further noted that Dr. Perry had referred Hooker to other doctors who found no noteworthy abnormalities. In addition, the ALJ referenced the fact that Dr. Perry admitted that he was unable to delineate any area of abnormality and that Dr. Perry prescribed only mild pain medication.

While the ALJ rejected Dr. Perry's findings, he relied on the opinions of Dr. Arthur Lorber. The ALJ noted that Dr. Lorber reviewed all the medical evidence of record and concluded that Hooker did not suffer from a "severe" impairment that would limit his "work-related" areas of functioning. [Tr., p. 265] The ALJ further pointed out that Dr. Lorber gave very little weight to the findings of Dr. Perry because he believed that Dr. Perry had failed to provide an objective basis for his limitations. [Tr., p. 265]

Hooker argues that the ALJ failed to properly discuss his reasons for rejecting Dr. Perry's opinions. Moreover, Hooker claims that the ALJ simply relied on the findings of Dr. Lorber. An ALJ may accept the opinion of a non-examining doctor over the opinion of an examiner if the non-examiner has access to the entire record and clearly states the reasons for his differing opinion. [Tr., p. 502-03]; *see also Barker v. Shalala*, 40 F.3d 789, 794 (6th Cir. 1994). Here, Dr. Lorber reviewed Hooker's entire medical record. Further, he explicitly stated the reasons why he disagreed with Dr. Perry's opinions. Based on the record, it is apparent that the ALJ considered all of Dr. Perry's opinions but concluded that they were not supported by substantial evidence in the record. After reviewing the medical evidence considered by the ALJ, the Court finds that his decision to reject Dr. Perry's conclusions regarding the degree of Hooker's impairments and limitations is supported by substantial evidence. Likewise, the evaluation of, and weight given to, the reports and opinions of Hooker's treating and consulting physicians is supported by substantial evidence.

Next, Hooker contends that ALJ made an improper credibility determination regarding his subjective complaints of pain and limitations. In general, a claimant's subjective complaints of pain may be sufficient to support a claim of disability. *See Glass v. Sec'y of Health Ed. and Welfare*, 517 F.2d 224, 225 (6th Cir. 1975). However, in evaluating the claimant's allegations, an ALJ should look to the medical evidence to determine if the complaints of pain have an objective basis, as reference to medical evidence is helpful in making credibility determinations concerning such claims. Further, as noted above, "an ALJ's credibility determinations about the

claimant are to be given great weight, 'particularly since the ALJ is charged with observing the claimant's demeanor and credibility.'" *Cruse*, 502 F.3d at 542 (citing *Walters*, 127 F.3d at 531).

To support a claim for Social Security benefits, there must be medical signs and findings, established by medically acceptable or clinical or laboratory diagnostic techniques, which show the existence of a medical impairment that results from anatomical, physiological or psychological abnormalities which could reasonably be expected to produce pain. 42 U.S.C. § 423(d)(5)(A). In addition, the Sixth Circuit has prescribed an analytical framework for evaluating subjective complaints of pain:

> First, we examine whether there is objective medical evidence of an underlying medical condition. If there is, we then examine: (1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.

*Duncan v. Sec'y of Health and Human Servs.*, 801 F.2d 847, 853 (6th Cir. 1986).

In the present case, Hooker alleges disability due to back, left arm, neck and knee pain. At the hearing, he testified that his daily activities are restricted because he "cannot do anything." [Tr., p. 264] However, the ALJ noted that Hooker testified that he was able to drive to church and the post office, watch television, read the bible and dress and bathe himself. [Tr. p. 264] Hooker also testified that he had pain after sitting approximately 30 minutes and standing about 10 minutes. [Tr., p. 264] The ALJ noted that these complaints were inconsistent with his testimony that he was able to carry-out pastoring activities for services lasting 90 to 120 minutes. [Tr., p. 264] Moreover, the ALJ noted that Hooker seemingly had no trouble sitting through the administrative hearing which lasted more than 30 minutes. [Tr., p. 264]

The ALJ further noted that the evidence did not support Hooker's claim that he stopped working in 2000 due to a work-related injury. The ALJ stated that record indicated that Hooker was actually laid off for two months prior to being seen by a doctor for back pain. Thus, the ALJ surmised that Hooker stopped working because he was laid off, not because he suffered a medical injury. [Tr., p. 264]

In evaluating Hooker's allegations, the ALJ stated that, "[i]n all, I did not consider Mr. Hooker's testimony to be very compelling." [Tr., p. 264] The Sixth Circuit has repeatedly noted that "[d]iscounting credibility to a certain degree is appropriate where an ALJ finds contradictions among medical reports, claimant's testimony, and other evidence." *Cruse*, 502 F.3d at 543 (quoting *Walters*, 127 F.3d at 531). Here, objective medical evidence confirms that Hooker suffers *some* degree of pain as a result of his impairments. However, in evaluating Hooker's testimony and claims, the ALJ found that the alleged severity of the limitations was not credible. Although Hooker contends that the ALJ failed to articulate specific reasons for rejecting these allegations in accordance with SSR 96-7p, the ALJ's decision clearly reflects a thorough, painstaking, and comprehensive evaluation of all Hooker's claims and his reasons for rejecting them. In light of the evidence presented to the ALJ and the ALJ's specific findings for rejecting Hooker's testimony, this Court finds that the ALJ's decision was entirely reasonable and one the ALJ was entitled to make. *See* SSR 96-7p; *Gooch*, 833 F.2d at 592.

Based on the ALJ's clear, thorough statements regarding the credibility of the claimant and the objective medical evidence in the record, this Court cannot conclude that the ALJ's decision is not supported by substantial evidence. The ALJ made specific findings regarding

credibility, and thoroughly considered all relevant medical evidence in the record. Hooker has failed to point to any evidence in the record, or any recommendation of a treating or examining physician that contradicts the ALJ's decision. Therefore, this Court finds that the ALJ properly determined that Hooker was not disabled within the meaning of the Social Security Act and regulations.

### IV. CONCLUSION

For the reasons discussed above, it is hereby **ORDERED** as follows:

1. Hooker's Motion for Summary Judgment [Record No. 11] is **DENIED**;

2. The Commissioner's Motion for Summary Judgment [Record No. 12] is **GRANTED**; and

3. The administrative decision will be **AFFIRMED** by separate judgment entered this date.

This 11th day of April, 2008.



Signed By:
*Danny C. Reeves* DCR
United States District Judge